NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE —
March, 1881.

MATTER OF JACKSON.

*In the matter of the probate of the will of* ROBERT
JACKSON, *deceased.*

The testator, by his will, gave all his property to his wife, unless she died
before him, and in that case to others, including a legacy of $2,000 to
A. By a first codicil, he revoked this legacy to A.; by a second codi-
cil he confirmed the will and the first codicil, so far as consistent with
the second; and bequeathed legacies, etc., to others than his wife, to the
amount of $13,500, gave his wife's wardrobe and jewels to B., "accord-
ing to her directions," and the residue to his nieces. Upon an applica-
tion, by the widow, for a construction of the instruments,—*Held*, that
the last codicil was obviously intended to be conditional on the non-
survival of testator's wife, and that, this contingency not having hap-
pened, she was entitled to the entire estate.

APPLICATION for the construction of a will and cod-
icils.

The petitioner, the widow of testator, in addition to
the probate of the will and two codicils, asked a con-
struction thereof, particularly of the last codicil.

By the will, decedent gave and bequeathed all of his
property to his wife, but in case she did not survive him,
he gave $2,000 to Kate Bajot, and the residue to two
nieces, Ellen and Charlotte Nicholl, equally, and ap-
pointed his brother, D. L. Jackson, a non-resident alien,
executor. The will was dated May 11, 1878. On De-
cember 16, 1879, he revoked the $2,000 legacy to Kate
Bajot, by codicil, and on May 20, 1880, he executed a
codicil confirming his will and first codicil, so far as the
latter codicil was consistent therewith, and gave two

legacies of $5,000 each, to churches named, $500 to Mrs. Henry, $3,000 to be expended on his father-in-law's Greenwood Cemetery plot, his wife's camel hair shawl, according to her direction, to Mrs. Mallory, his wife's wardrobe and jewels to Lizzie Bajot, under her direction, and the residue equally to four nieces named.

TOWNSEND WANDELL, *for proponent.*

THE SURROGATE.—The question to be determined is whether the disposition of decedent's property by the last codicil was intended to be made on condition that his wife should not survive him, for if not, the codicil would appear to dispose of the entire property without recognition of the widow's rights or claims.    It seems to be my duty to consider the provisions of the will and codicils together.

The recitation in the last codicil, that he confirms his will and first codicil so far as the last is consistent therewith, seems to be entirely unmeaning, if he intended to make a complete disposition of his property by the last, except as to the appointment of an executor ; and the gift of his wife's shawl, wardrobe, and jewels, pursuant to her direction, seems to me to be entirely inconsistent with the idea that she should survive him.    I am, therefore, of the opinion, that the last codicil was intended to make disposition of his entire estate, only in the event stated in the first clause of the will, that she should die before him, or that they should be lost together at sea ; and that the last codicil is contingent upon that condition which has not happened, and that the wife, having survived the testator, is entitled to the property ; and the other provisions of the will, disposing of the prop-

erty upon the contingency above stated, and the two codicils, are inoperative.

The will and two codicils having been duly proved, should be admitted to probate, and the decree contain the construction and effect of the will and codicils, as above adjudged.

Decreed accordingly.